# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| JACKIE S. RICHARDSON | * | CIVIL ACTION NO. 08-0445 |
| VERSUS | * | |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For reasons assigned below, the decision of the Commissioner is **AFFIRMED**, and this matter **DISMISSED** with prejudice.

## Background & Procedural History

On August 31, 2005, Jackie S. Richardson protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments. (Tr. 49-51, 54-55, 88). She alleged disability since July 15, 2005, due to high blood pressure, depression, anxiety attacks, three herniated discs in her neck, leg pain, and an inability to work with her hands, arms, and neck. (Tr. 78). The claim was denied at the initial stage of the administrative process. (Tr. 46, 284-288). Thereafter, Richardson requested and received a May 8, 2007, hearing before an Administrative Law Judge ("ALJ"). (Tr. 292-311). However, in a September 27, 2007, written decision, the ALJ determined that Richardson was not disabled

under the Social Security Act, finding at Step Five of the sequential evaluation process that she was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 15-27). Richardson appealed the adverse decision to the Appeals Council. Nonetheless, on January 30, 2008, the Appeals Council denied Richardson's request for review; thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).[1]

On March 31, 2008, Richardson sought review before this court. She contends that the court should remand the matter to the Commissioner so the agency can consider new evidence that she presented in the first instance to this court.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789

---

[1] The Appeals Council set aside its earlier November 16, 2007, decision so it could consider additional evidence submitted by Richardson. (*See*, Tr. 5, 9-11).

(5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

  (1)  An individual who is performing substantial gainful activity will not be

> found disabled regardless of medical findings.

> (2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

> (3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

> (4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ determined at Step Two of the sequential evaluation process that Richardson suffers from severe impairments of generalized anxiety disorder; specific phobia; panic disorder; generalized osteoarthritis; and degenerative disc disease of the cervical spine at C5-6 and C6-7 (Tr. 20). However, he found at Step Three that the impairments were not severe enough to meet

or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (Tr. 21). The ALJ then determined that Richardson retained the residual functional capacity to perform light work, except that she can never climb ropes, ladders or scaffolds. (Tr. 22).[2] She is also moderately limited in her ability to: understand, remember, and carry out detailed instructions; complete a normal work week without interruption from any psychologically based symptoms; perform at a consistent pace with a normal number and length of rest period; deal appropriately with the general public; and to respond appropriately to changes in the work setting. *Id.*[3]

With the assistance of a vocational expert, the ALJ found at Step Four of the sequential evaluation process that Richardson was unable to return to her past relevant work. (Tr. 25). Accordingly, he proceeded to Step Five. Relying upon vocational expert testimony, the ALJ concluded that plaintiff was capable of making an adjustment to perform other jobs that exist in significant numbers in the national economy. (Tr. 26-27).

---

[2] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[3] The ALJ defined "moderate" as being limited, but still able to function satisfactorily. *Id*.

Plaintiff does not challenge the sufficiency of the Commissioner's determination on the basis of the record before the Commissioner. (*See*, Pl. Reply Brief). Rather, plaintiff's sole argument is that the court should remand the matter so the Commissioner can consider new evidence which she presented in the first instance to this court.

A court may order additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g). To justify remand, the evidence must be "new," and not merely cumulative of what is already in the record. *Id.* (citation omitted). The evidence must also be "material"; *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination. *Id.* Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Id.*

The evidence submitted by plaintiffs consists of a March 6, 2008, initial consultation examination conducted by John Hull, M.D., a rheumatologist, and two follow-up progress notes dated March 25, 2008, and May 19, 2008. (Pl. Brief, Exhs. [doc. # 6-2]). Plaintiff also attached to her reply brief the results of an August 20, 2008, CT scan of the lumbar spine. (Pl. Reply Brief, Exhs. [doc. # 8-2]). Insofar as the latter evidence is concerned, the CT report clearly states that plaintiff fell one week earlier, i.e. on, or about August 13, 2008. *Id*. The recent trauma sustained by plaintiff undermines any suggestion that the diagnostic test reflected her condition as of the hearing date or at the time of the ALJ's decision,[4] rather than a "later-acquired disability

---

[4] During the relevant period, Richardson demonstrated a full range of motion of the lumbar spine. (*See*, Tr. 228-231).

or . . . the subsequent deterioration of the previously non-disabling condition." *Haywood v. Sullivan*, 888 F.2d 1463, 1471-1472 (5th Cir. 1989) (quoting *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir.1985) (internal quotation marks omitted)).[5]

Dr. Hull's examination report and progress notes from March - May 2008, indicate that Richardson continued to suffer from neck and shoulder pain and osteoarthritis. (Pl. Reply Brief, Exhs. [doc. # 8-2]). However, this evidence is not new. An agency physician, David Hebert, M.D., examined plaintiff and diagnosed *inter alia*, generalized osteoarthritis, degenerative disc disease of the cervical spine, and arthralgia, yet found no reason why she could not perform routine walking, sitting, standing, carrying and lifting for an eight hour day. (Tr. 228-231).

To the extent that Dr. Hull provided a new diagnosis of fibromyalgia, there is nothing in his records to indicate that the condition existed during the relevant period.[6] Indeed, Myron Bailey, M.D., did not refer Richardson to Dr. Hull for fibromyalgia until sometime after October 2007. (*See*, Tr. 290, Pl. Memo., Exhs. [doc. # 6-2, pg. 3]. As recently as October 22, 2007, – one month after the ALJ's decision, Dr. Bailey had not diagnosed fibromyalgia. (Tr. 290). Moreover, before October 2007, Bailey had not examined plaintiff for more than two years. (*See*, Tr. 279, 290).[7]

---

[5] Fifth Circuit case law suggests that the relevant period for a disability claim extends until the date of the administrative hearing. *Hammond v. Barnhart*, 132 Fed. Appx. (5th Cir. May 17, 2005) (unpubl.); *Haywood*, 888 F.2d at 1472; *Johnson*, 767 F.2d at 183. Medical evidence that post-dates a hearing may be considered, provided that it addresses the severity of the claimant's pre-hearing condition. *Hammond, supra*.

[6] In her brief, plaintiff asserted that her condition has "severely deteriorated" *since the ALJ's decision*. (Pl. Brief, pg. 1 [doc. # 6]).

[7] The record before the Appeals Council included a short questionnaire wherein Dr. Bailey doubted that plaintiff could perform any work (including light work). (Tr. 290).

Plaintiff also has not proffered any explanation for her failure to incorporate the "new" evidence into the medical record. *Pierre, supra* (good cause for remand is not met unless plaintiff provides proper explanation to excuse her failure to submit the evidence earlier). "[T]he mere fact that a medical report is of recent origin is not enough to meet the good cause requirement." *Pierre*, 884 F.2d at 803 (citation omitted).

In sum, plaintiff has neither established that the post-decision evidence is new and/or material, nor demonstrated good cause for failing to incorporate the evidence into the administrative record. *Pierre, supra*.[8] Thus, plaintiff is not entitled to remand. *Id*.

For the reasons stated above, the undersigned finds that the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly,

The Commissioner's decision is **AFFIRMED**, and the matter **DISMISSED** with prejudice.

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of February, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

However, statements that a claimant is "disabled" or "unable to work" are afforded no special significance under the regulations. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). Moreover, since Bailey completed the questionnaire pursuant to an examination that post-dated the ALJ's decision and because he had not seen Richardson for over two years before that, there is nothing to indicate that his statement reflected her condition during the relevant period. (Tr. 279, 290).

[8] However, plaintiff's evidence certainly may form the basis for a new claim. *Johnson*, 767 F.2d at 183.